The opinion of the Court was drawn up by
Wilde J.
A verdict was taken in this case at the trial by consent of parties, for the purpose, as we understand it, of presenting for the consideration of the Court all the questions of law arising out of the pleadings and the evidence. But as the case now stands, only one question of law is involved in the motion for a new trial, and that only has been argued, namely, whether the verdict as to the plea, that the locus in quo is a public highway, is supported by the evidence.
As by the vote of 1741 a part only of the common lands was appropriated for highways, it is incumbent on the defendant to show that the locus in quo was included within the part thus appropriated. Of this there is no evidence, but the contrary *74 must be inferred from the language of the report. Before the plaintiff’s lot (which includes the locus) was inclosed, it is uniformly referred to as common land ; indeed the defendant’s witnesses expressly state that it was common land. “ It was common land,” they say, “ all round the school-house.” So that it is clear that the locus was not included within that part of the common land which was laid out or set apart for high ways. Nor does it appear that it has ever been used as such. The passing over a training field or open common, is no uncommon usage, and however long it may continue, it will not convert a field or common into a public highway. In the present case the usage proved was in strict conformity with the uses for which the lands in common were originally appropriated. They were to remain unfenced, not only for the use of the old parish, but also for the accommodation of the neighbours bordering on the pond. So that the use made of these lands by the former occupants of the defendant’s lot and by other borderers on the pond, has no tendency to establish a public highway by prescription,[1] since the use is not inconsistent with the privileges allowed by the vote. Besides, if the usage could be considered as establishing a right of way through the plaintiff’s lot, it could not be called a public highway, but it would be held to be a private and restricted right of way, which would be more in conformity both with the usage and the original appropriation of the lands. Whether the defendant has any such right of way, either by prescription, or under the vote of the town, or otherwise, and whether the parish had a right to inclose the plaintiff’s lot under the vote of 1805 or not, are questions not- now to be considered. At present we only decide that the first special plea cannot be sustained by the evidence reported. The verdict therefore must be set aside and a new trial granted.

 See Sprague v. Waite, 17 Pick. 309; Watrous v. Southworth, 5 Connect R. 305; Odiorne v. Wade, 5 Pick. (2nd ed.) 421, note 1.